NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0217n.06

Case No. 16-1055

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 12, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| NAHID RIZKA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| STATE FARM FIRE AND CASUALTY CO., | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: BATCHELDER, SUTTON, and KETHLEDGE, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Nahid Rizka appeals the district court's award of summary judgment to State Farm in this action for insurance coverage. We AFFIRM.

In August 2011, Nahid Rizka declared bankruptcy, claiming $45,000 in credit-card debt. She attested that she owned only $1,800 in personal property and no real property, but was renting a home. The bankruptcy court granted her a discharge, eliminating her entire debt.

A year later, Rizka filed a homeowner's insurance claim with State Farm, claiming water damage of $250,000 for the home and over $200,000 for personal property. She attested that she personally owned the home and all of the damaged property. When State Farm denied the claim as fraudulent she sued. State Farm moved for summary judgment on the basis of judicial estoppel and fraud, and the district court agreed, granting summary judgment to State Farm. *Rizka v. State Farm Fire & Cas. Co.*, No. 13-cv-14870, 2015 WL 9314248 (E.D. Mich., Dec. 23, 2015).

In short, to discharge her debts in bankruptcy, Rizka had told the bankruptcy court that

she owned nothing but then claimed to own almost $500,000 in real and personal property in order to recover from State Farm for its alleged loss. The district court explained that these were contrary positions and found that they did not result from mistake or inadvertence: Rizka was aware of what she was doing, did it in bad faith, and could not blame it on her bankruptcy attorney. The court also explained that by attesting in her insurance claim to State Farm that she alone owned the property—though she did not—she had made fraudulent statements.

On appeal, Rizka argues that her two positions are not inconsistent because the concept of home ownership is too confusing for a layperson to understand. She also blames her bankruptcy attorney; asserting that he advised her to say she didn't own the house, even though she actually did—which is bizarre given that she did not ever actually, legally own the house. Rizka contends that she did not make inconsistent or fraudulent statements about the personal property because it actually belonged to her son, who wanted her to file the insurance claim for it. Finally, she insists that all of these are disputes to be decided by a jury, not by the court.

After carefully reviewing the record, the law, and the arguments on appeal, we conclude that the district court has correctly set out the applicable law and correctly applied that law to the facts in the record. The issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.